UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE TUMI,

        Plaintiff,

vs.                        Case No. 2:05-cv-551-FtM-29SPC

WALLY'S WATERFRONT, INC.,

        Defendant.
_____

**ORDER**

This matter comes before the Court on plaintiff's Motion for Entry of Default Final Judgment (Doc. #27), filed on January 29, 2007. No response has been filed and the Court finds that an evidentiary hearing is not required in this case.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Complaint (Doc. #1) alleges that plaintiff Jose Tumi was an employee of defendant corporation and was not paid overtime compensation under the Fair Labor Standards Act for hourly paid food services and related activities. Plaintiff seeks compensation, damages, and reasonable attorneys' fees and costs incurred in bringing suit. On December 15, 2005, defendant appeared through counsel and filed an Amended Answer (Doc. #10). On August 9, 2006, counsel for defendant was permitted to withdraw and the corporate defendant was provided 20 days to secure new counsel. (See Doc. #19.) No Notice of Appearance was filed by new counsel and plaintiff filed a Notice (Doc. #20) indicating same. On September 14, 2006, the Court entered an Order to Show Cause (Doc. #21) directing defendant to show cause why a default should not be entered against it for failure to comply. Mr. Pierrot's address was added to the docket to ensure delivery of Notice to the corporation. Finding no response, the Court entered a subsequent Order to Show Cause (Doc. #22) for plaintiff's failure to prosecute by seeking a default. Consequently, plaintiff filed a Motion (Doc. #23), which was granted (Doc. #25), and a Clerk's Entry of Default (Doc. #26) was entered on November 28, 2006. Finding the allegations sufficiently plead and all necessary prerequisites under Fed. R. Civ. P. 55(a) met, the Court finds that a default judgment is appropriate.

Plaintiff seeks $66,300.00 in unpaid wages and liquidated damages as follows: an hourly rate of $31.88 (1½ x $21.25) for

approximately 1,040 overtime hours for a total of $33,150 + an equal amount in liquidated damages in the amount of $33,150 pursuant to 29 U.S.C. § 216(b). (Doc. #27-2.) Plaintiff's counsel waives his fees and costs against defendant in light of the default. Defendant's default results in the unavailability of records to dispute the hours presented by Affidavit. Therefore, an approximation of the hours is appropriate and plaintiff is entitled to the amount requested. See Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375-76 (11th Cir. 1999)(collecting cases)(citing Anderson v. Mt. Clemens Potter Co., 328 U.S. 680 (1946)); Brock v. Norman's Country Market, Inc., 835 F.2d 823 (11th Cir. 1988).

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Entry of Default Final Judgment (Doc. #27) is **GRANTED** and the Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $66,300.00 for unpaid overtime wages and liquidated damages. The Clerk is further directed to terminate all deadlines as moot and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of March, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD